NO. 07-06-0372-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 26, 2006
_____

IN THE INTEREST OF T.L.B., A CHILD,
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 71,632-2; HONORABLE PAMELA SIRMON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Levohn H. Brown attempts to appeal an order that granted a motion for nonsuit filed by appellee Shanda Lynn Vance and dismissed the suit she brought seeking termination of Brown's parental rights. We dismiss the appeal for want of jurisdiction.

Vance filed her original petition in November 2005, in cause number 71,632-2, in the County Court at Law No. 2 of Potter County. A letter from Brown indicates the petition was served on him in Indiana where he is incarcerated. The trial court granted Vance's motion for nonsuit and dismissed the case without prejudice in a written order signed and filed February 22, 2006. The clerk's record shows the dismissal order disposed of all parties and issues in the case. No motions extending the deadline for perfection of appeal

were filed, making March 24, 2006 the last day on which Brown could perfect an ordinary appeal from the trial court's order. *See* Tᴇx. R. Aᴘᴘ. P. 26.1(a) (unless exception applies, notice of appeal must be filed within thirty days after judgment is signed); *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (appellate timetables run from date dismissal order signed). Brown filed his original notice of appeal on September 20, 2006, making it untimely.

Because the record indicates Brown did not participate in any hearing in this case and did not timely file a post-judgment motion or request for findings of fact or conclusions of law, we must also determine whether his notice was timely to perfect a restricted appeal. *See* Tᴇx. R. Aᴘᴘ. P. 30. Notice of appeal in a restricted appeal must be filed within six months of the judgment or order complained of. Tᴇx. R. Aᴘᴘ. P. 26.1(c). Brown's notice of appeal was filed 210 days, or seven months, after the trial court's order and was also untimely to perfect a restricted appeal.

By letter dated October 11, 2006, we notified Brown that his notice of appeal appeared untimely, and advised that we would consider our jurisdiction over the appeal on or after October 23, 2006. Brown filed a response to our letter on October 23. Most of the information contained in Brown's response pertains to a later termination proceeding rather than to the nonsuited proceeding that is the subject of this appeal. The response does not alter our preliminary conclusion that Brown's notice of appeal was untimely with respect to this appeal.[1]

---

[1] Brown's notice of appeal also made reference to the later proceeding, cause number 72, 293, also in the County Court at Law No. 2 of Potter County, in which an order

Our authority on appeal is dependent on a timely notice of appeal.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (applying former rule).  No timely notice of appeal having been filed, we must dismiss the appeal.  Accordingly, having given the required notice, and without expressing any opinion on the merits of Brown's attempted appeal from the dismissal of Vance's suit, we dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3.


                            James T. Campbell
                            Justice

---

terminating his parental rights was entered on August 30, 2006.  His appeal of that order is pending in this court as No. 07-06-0371-CV.